IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MADELINE C. SHERIDAN,                           3:10-cv-00775-PK

        Plaintiff,                               OPINION AND ORDER

v.

PROVIDENCE HEALTH &
SERVICES- Oregon,

        Defendant.

PAPAK, Magistrate Judge:

      Plaintiff Madeline Sheridan brought this action against defendant Providence Health & Services ("Providence") alleging age discrimination in violation of federal and state law, disability and perceived disability discrimination in violation of federal and state law, failure to provide reasonable accommodations in violation of the ADA, retaliation under federal and state law, and interference with exercise of family medical leave in violation of federal and state law. This court recommended granting Providence's motion for summary judgment on Sheridan's age discrimination, perceived disability discrimination, and retaliation claims, but recommended

Page 1 - OPINION AND ORDER

denying Providence's motion on her claims for failure to provide reasonable accommodation and violation of FMLA and OFLA. (#43.) Judge Simon recently adopted that Findings and Recommendation. (#62.) Now before the court is Providence's motion to compel an independent neuropsychological examination pursuant to Fed. R. Civ. P. 35. (#55.) For the reasons discussed below, the motion is granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 35 provides that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The court may order an examination only "for good cause" and must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

## DISCUSSION

Sheridan voices two main objections to the proposed neuropsychological evaluation. First, she briefly argues that there is no good cause for the court to order a day-long battery of psychological tests. I disagree. There is good cause for the proposed examination because Providence cannot attempt to rebut Sheridan's allegations– both on liability and damages– based only a review of existing records.

Second, Sheridan contends she has an affirmative right to notice of the specific tests to be administered so that she may contest the appropriateness of those tests prior to the examination. In briefing, Sheridan suggested that she had concerns about the validity and reliability of various tests that might be given. But in oral argument Sheridan clarified that she is not concerned about

Page 2 - OPINION AND ORDER

any particular psychological instrument so much as worried about the "fundamental fairness" of being forced to submit to an examination without knowing first which tests would be given.

Courts typically do not require a party seeking a mental examination under Rule 35 to disclose in advance the specific tests that will be conducted, especially when the opponent fails to identify anything improper about the proposed examination. *Hart v. Roundy's Supermarkets, Inc.*, 2011 U.S. Dist. LEXIS 94530, at *4-7 (E.D. Wis. Aug. 23, 2011) (ordering mental examination without requiring disclosure of tests to be given where chosen psychologist was licensed and obliged to follow "medical ethical rules" and "standard medical practice," and where plaintiff presented no evidence that the chosen psychologist "might be overreaching"); *Ragge v. MCA/Universal*, 165 F.R.D. 605, 609 (C.D. Cal. 1995) ("The declaration of Dr. Lees-Haley sets forth the nature of the examination to be conducted, including the types of psychological tests he may choose to administer. There is nothing unusual or improper proposed. It would serve no purpose to require Dr. Lees-Haley to select, and disclose, the specific tests to be administered in advance of the examination."); *but see Hirschheimer v. Associated Minerals & Minerals Corp.*, 1995 U.S. Dist. LEXIS 18378, at *12-13 (S.D.N.Y. Dec. 12, 1995) (limiting Rule 35 mental examination to single test defendants identified, reasoning that requiring plaintiff to undergo unidentified testing would "deprive him of the opportunity to seek an order precluding those tests that may be irrelevant to this litigation").

Here, the licensed psychologist chosen by Providence, Dr. Friedman, states that he will follow standard clinical practices and use his professional judgment to select the tests most appropriate to Providence's referral questions. Dr. Friedman explains that the consensus in his field holds that flexibility in test selection, including during the examination itself, is necessary to

Page 3 - OPINION AND ORDER

maintain professional independence and prevent patient coaching that would undermine the integrity of the test results. Morever, Sheridan has not identified any particular psychological instrument that she would challenge as invalid or unreliable in this case. Barring Sheridan's objection to a specific psychological assessment, I find that the manner, conditions, and scope of Providence's proposed examination are acceptable.

## CONCLUSION

Providence's motion to compel (#55) is granted and the court orders Sheridan to participate in an eight-hour neuropsychological examination conducted by Larry S. Friedman, Ph.D., limited to a clinical interview and other tests or assessments Dr. Friedman deems necessary to answer the referral questions posed by Providence. Sheridan shall have until January 13, 2012 to submit written objections to any potential psychological assessments she views as unreliable, invalid, or otherwise inappropriate for this case. If Sheridan raises objections, the court will arrange a conference with the parties prior to the scheduled examination date to address those concerns.

DATED this 3rd day of January, 2012.

Paul Papak
United States Magistrate Judge